## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Honorable Howard R. Tallman

| | |
|---|---|
| In re: ) | |
| ) | |
| **JOSEPH ANTHONY GARZA, Personal** ) | **Case No. 05-14970 HRT** |
| **Representative of the Probate Estate of** ) | |
| **Joseph G. Garza, and** ) | **Chapter 7** |
| ) | |
| **JESSICA L. HELLER, Successor Personal** ) | |
| **Representative of the Probate Estate of** ) | |
| **Debtor Mary L. Garza,** ) | |
| ) | |
| **Substituted Debtors.** ) | |
| ) | |

### ORDER ON MOTION TO DISMISS

This case comes before the Court on the *Motion to Dismiss Bankruptcy Case Or, in the Alternative, to Stay Bankruptcy Case Pending Resolution of California Action* (docket #131) (the "Motion") filed by the Substituted Debtors and Brayton Purcell, LLP (collectively, the "Movants").

Movants seek dismissal of this bankruptcy case under 11 U.S.C. § 305(a)(1) or under 11 U.S.C. § 707(a). Alternatively, Movants seek to hold proceedings in this Court in abeyance pending resolution of fee dispute litigation in California. The Court has reviewed the Motion; the responses filed by Harvey Sender, Chapter 7 Trustee, (the "Trustee") (docket #133) and by David J. Cook and Cook Collection Attorneys, PLC ("Cook") (docket #135); and the Movants' reply (docket #137-1).

The Court finds that the relevant facts are not in dispute and that a hearing on the Motion would not assist the Court in its resolution of the issues. The Court, therefore, for the purposes of ruling on the Motion only, takes the factual assertions appearing in the Motion as true.

### I. BACKGROUND FACTS

The Debtors in this case, Joseph G. Garza and Mary L. Garza, now both deceased, filed this case on March 14, 2005. Their schedules reflected minimal assets, which they valued at $1,175.00. The Debtors' Statement of Financial Affairs affirmatively stated that neither debtor had been party to any suits or administrative proceedings within the prior year. The Debtors scheduled a handful of unsecured credit card creditors with debts totaling $45,898.58 and no secured or priority creditors. The schedules reflected that both debtors were retired and receiving combined monthly Social Security benefits of $1,567.00.

ORDER ON MOTION TO DISMISS
Case No. 05-14970 HRT

Both Debtors were in ill-health at the time they filed their petition and, for that reason, their creditors meeting was rescheduled from its original setting in April to July 15, 2005, and the meeting was held by telephone. On the same date, the Chapter 7 Trustee, Harvey Sender ("Trustee"), filed his no-asset report. In due course, the Debtors received their discharges and the case was closed.

More than six years later, in December of 2011, Cook notified the Trustee that the Debtors had been awarded a significant judgment in an asbestos lawsuit. Trustee moved to reopen the Debtors' case in order to administer the newly discovered assets. That personal injury action had been filed by the Debtors on January 26, 2005, less than two months before they filed their petition under chapter 7 and affirmatively stated – under oath in their Statement of Financial Affairs – that they had been involved in no suits or administrative proceedings within the prior year.

The Debtors' failure to schedule their personal injury causes of action against asbestos manufacturers has turned what initially appeared to be a routine no-asset bankruptcy case into a battle among the Debtors' heirs, the personal injury attorneys, the collection attorneys and the Trustee over the recovery obtained in the Debtors' personal injury lawsuits.

Upon the discovery of the unscheduled assets and reopening of the case, the Trustee served a *Notice of Possible Dividends* (docket #52). A bar date for filing claims was set for July 3, 2012. Cook filed the only proof of claim filed in this case prior to the bar date.

The Court has previously granted a motion to abstain filed by the Movants and has abstained from hearing the merits of Cook's claimed entitlement to attorney fees in connection with his activities assisting the Movants with collection of the personal injury judgment entered in California. *Order on Motion to Abstain* (docket #102). That issue is now the subject of litigation in California.

The Trustee has brought an adversary action against the Movants seeking turnover of proceeds from settlement of the Debtors' personal injury actions [the "Settlement Proceeds"]. That action was ordered to be held in abeyance pending approval of an agreement entered into between the Movants and the Trustee. The motion to approve that agreement has since been withdrawn and the Trustee has moved the Court to place the matter back on its active docket.

## II.  DISCUSSION

### A.  Motion to Dismiss under 11 U.S.C. 707(a).

Movants seek to voluntarily dismiss this bankruptcy case for "cause" under 11 U.S.C. § 707(a).

ORDER ON MOTION TO DISMISS
Case No. 05-14970 HRT

 The Debtors voluntarily submitted themselves and all of their assets to the jurisdiction of the Bankruptcy Court when they filed their case in 2005. Their successors bear a heavy burden to show cause why a bankruptcy case should be voluntarily dismissed. It is fair to say that bankruptcy courts view attempts to withdraw assets from bankruptcy court jurisdiction through voluntary dismissal with some skepticism when the assets involved were not initially disclosed to the trustee and the motion to dismiss is filed after the assets come to light. *See, e.g., In re Acosta-Rivera*, 557 F.3d 8, 14 (1st Cir. 2009) (where debtor sought dismissal to pursue undisclosed employment action and claimed right to dismiss based on failure to file required financial disclosures, bankruptcy court has discretion to override "automatic" dismissal provision to prevent abuse); *In re Stephenson*, 262 B.R. 871, 873 (Bankr. W.D. Okla. 2001) ("This case represents a current objectionable trend in bankruptcy cases in this district where debtors initially seek the benefits of the Bankruptcy Code but later move to dismiss their petitions when an asset, usually valuable, is discovered."). Even though the personal injury actions were not scheduled and the Trustee was none the wiser until six years later, those personal injury causes of action were – and the Settlement Proceeds are – property of the Debtors' bankruptcy estates.[1]

  The court may dismiss a case under [chapter 7] only after notice and a hearing[2] and *only for cause*, including–
   (1) unreasonable delay by the debtor that is prejudicial to creditors;
   (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
   (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C. § 707(a) (emphasis added). The examples of cause listed in § 707(a) are not exclusive. *In re Atlas Supply Corp.*, 857 F.2d 1061, 1063 (5th Cir. 1988).

----

 [1] The Substituted Debtors have claimed a substantial portion of the Settlement Proceeds exempt from the bankruptcy estate and the Trustee and Cook have objected. The Court has combined its consideration of the claim of exemption with the Trustee's adversary action seeking turnover and those matters are presently being held in abeyance.

 [2] As previously noted, the facts upon which the Motion is premised are not subject to evidentiary dispute. Consequently, under the circumstance of this case, a hearing is not necessary. 11 U.S.C. § 102(1)(A) ("'after notice and a hearing', or a similar phrase – means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . .").

ORDER ON MOTION TO DISMISS
Case No. 05-14970 HRT

"The court has discretion in determining whether to dismiss a debtor's case pursuant to section 707(a). When making this decision, the bankruptcy court should consider the totality of the circumstances." *In re Lloyd*, 458 B.R. 295, 298 (Bankr. D. S.C. 2011) (citing *In re Dudley*, 405 B.R. 790, 800 (Bankr. W.D. Va. 2009); *McDow v. Smith*, 295 B.R. 69, 75 (E.D. Va. 2003)). "Generally, courts should consider all of the facts and circumstances of the particular case to determine whether 'cause' for dismissal exists within the meaning of § 707(a)." *In re Steffen*, 426 B.R. 907, 910 (Bankr. M.D. Fla. 2010) (citing *In re Bilzerian*, 276 B.R. 285, 293 (M.D. Fla. 2002)). The Court has previously observed that "[a] finding of 'cause' in any context is, at bottom, an equitable determination." *In re Rent-Rite Super Kegs West Ltd.*, 484 B.R. 799, 808 (Bankr. D. Colo. 2012).

In the typical case involving a motion to dismiss under 11 U.S.C. § 707(a), courts look at the effect of dismissal on the interests of the debtors and their creditors. As the court in *In re Williams* said:

> Under Bankruptcy Code Section 707(a) (permitting dismissal "only for cause") or Bankruptcy Code Section 305(a)(1) (permitting dismissal of a case if "the interests of creditors and the debtor would be better served by such dismissal ...."), the task of the Court is to measure the prejudice to the Debtor triggered from a denial of the Motion against the prejudice to creditors if the case is dismissed."

305 B.R. 618, 620 (Bankr D. Conn. 2004). Another court has said:

> Where . . . a debtor moves for dismissal, courts in this Circuit have determined whether cause exists by looking at "whether dismissal would be in the best interest of all parties in interest." We agree that this is the appropriate analysis. The best interest of the debtor "lies generally in securing an effective fresh start upon discharge and in the reduction of administrative expenses leaving him with resources to work out his debts." With regard to creditors, the issue is typically one of prejudice: "[C]reditors can be prejudiced if the motion to dismiss is brought after the passage of a considerable amount of time and they have been forestalled from collecting the amounts owed to them. A prejudicial delay also creates the appearance that such an abusive practice is implicitly condoned by the Code."

*In re Smith*, 507 F.3d 64, 72 (2nd Cir. 2007) (quoting *In re Dinova*, 212 B.R. 437, 441-42 (B.A.P. 2nd Cir. 1997)) (citing *In re Schwartz*, 58 B.R. 923, 925 (Bankr. S.D. N.Y. 1986); *In re Hull*, 339 B.R. 304, 307 (Bankr. E.D. N.Y. 2006)).

This case has unique features. The Debtors have both died since the filing of the case and the executors of their estates have been substituted. This is not a case where the unlisted

ORDER ON MOTION TO DISMISS
Case No. 05-14970 HRT

assets were discovered during the normal course of estate administration; an extraordinary period of time passed between the filing of the case and the ultimate discovery of the unlisted assets. There is but a single proof of claim filed in this case. That claim is for a post-petition administrative expense and it is contested. There are no proofs of claim filed for pre-petition debts.[3] Finally, the Court doubts that the Settlement Proceeds from the personal injury action would ever have come to light but for the dispute between Cook and the Movants over payment of Cook's attorney fees.

The Movants have proposed an alternative to Bankruptcy Court administration of the newly discovered assets. They propose to escrow $937,500.00 out of the Settlement Proceeds and to use those funds to pay any attorney fee that the California courts may determine is due to Cook. They also propose to pay administrative expenses due to the Trustee, his counsel and the estate's accountant. Once Movants have satisfied those administrative fees, they propose that the bankruptcy be dismissed.

Denial of the Motion is not prejudicial to the Debtors. Debtors in this case are both deceased. The personal representatives of the Debtors' probate estates have been substituted for the Debtors in this case. The interest of the Debtors' probate estates is substantially different from a debtor's interest in obtaining a discharge of debts and a fresh start. The interest of the estates lies in the marshaling of probate assets for payment of debts and distribution of excess assets to heirs at law or beneficiaries under the Debtors' wills.

Ultimately, in this particular case, it is the interests of the heirs and various attorneys that are at issue. Movants believe that dismissal of the bankruptcy case will result in a more expeditions administration of the Debtors' probate estates. The Court believes that to be a reasonably likely outcome. But, compared to the traditional interest of debtors in being able to reorder their financial affairs and obtain a fresh start, the interests of the Debtors' probate estates and the interested attorneys are far less compelling. Moreover, it was the voluntary act of the Debtors – predecessors in interest to the parties that are currently before the Court – that created the dilemma from which Movants seek now to extricate themselves. More to the point, it was the Debtors' failure to disclose their pending personal injury action that is responsible for the delay they are now experiencing in administration of the probate estates on account of the bankruptcy case.

The potential prejudice to creditors resulting from dismissal is also quite different from the usual case but that does not mean it is absent. Cook is the only creditor who has filed a proof of claim in this case. He claims a post-petition administrative expense, under 11 U.S.C.

---

[3] It is likely that the Debtors' concealment of the personal injury action from the Trustee is the principal reason why – six years later – none of the originally listed creditors have filed proofs of claim.

ORDER ON MOTION TO DISMISS
Case No. 05-14970 HRT

§§ 507(a)(2) & 503, based on legal services rendered assisting the Movants to collect the personal injury judgment from a foreign corporation.  The judgment had languished, uncollected, for nearly four years prior to Cook's involvement.

At Movant's request, the Court has abstained from hearing the merits of Cook's right to an attorney fee under California law.  That does not mean that the Court has abstained from the issue of whether or not Cook is entitled to an administrative expense in the bankruptcy case.  It does mean that the California courts will decide Cook's entitlement to an attorney fee and thereafter, based on the outcome of the California proceedings, this Court will determine whether an administrative claim is payable by the bankruptcy estate.  If the Court determines that an administrative claim is payable, it has confidence in the ability of the Trustee to expeditiously handle that payment.

The traditional interests of debtors and pre-petition creditors, which are of great importance in a normal bankruptcy filing, are not present in this case.  The Movants would use the absence of those customary interests as a basis to free themselves from the constraints of the bankruptcy case under their alternative plan, which they argue will be of greater benefit to the other interested parties.

The Movants claim that dismissal will provide Cook a more expeditious payment of his claim than if the Settlement Proceeds are administered in the bankruptcy estate.  Movants also claim that their plan for dismissal of the bankruptcy case will make the Trustee whole for his efforts in this case.  Cook is not convinced and neither is the Trustee.

The Court does not know – nor will it speculate – whether administration of the Settlement Proceeds by the Trustee or the Movants' proposed alternative will, in the end, be the most efficient and economical.  But, it is not the burden of Cook or the Trustee to somehow demonstrate that bankruptcy administration is superior to the Movants' alternative in order to avoid dismissal of the bankruptcy case.

The traditional interests of debtors and creditors are relegated to the margins under the unique facts of this case.  But the traditional interest that remains, and that the circumstances of this case bring into stark relief, is the integrity of the bankruptcy system and the bankruptcy courts.

Movants find themselves subject to the Court's jurisdiction over the Settlement Proceeds on account of the Debtors' voluntary decision to subject themselves, their assets, and their liabilities to bankruptcy jurisdiction.  That jurisdiction has been seriously compromised by the Debtor's non-disclosure.  A chapter 7 bankruptcy liquidation, at its core, represents a *quid pro quo* of complete and forthright disclosure of assets and liabilities in exchange for the extraordinary relief of a bankruptcy discharge and the attendant fresh start.

ORDER ON MOTION TO DISMISS
Case No. 05-14970 HRT

> Chapter 7 of the Bankruptcy Code . . . affords powerful relief to
> individuals saddled with oppressive debt by granting honest debtors a discharge
> from their dischargeable debts.  This relief does not come without a price.  Each
> individual debtor must liquidate his estate, allowing his creditors to reach a pro
> rata share of the debtor's non-exempt property.  The debtor's creditors are entitled
> to fair treatment during this liquidation process and the longstanding rule in
> bankruptcy that "[c]omplete disclosure by the debtor is a quid pro quo for
> discharge of debts" stems from this duty of fair treatment.

*In re Jacobowitz*, 309 B.R. 429, 435 (S.D. N.Y. 2004) (quoting 4 NORTON BANKR. LAW & PRAC.
§ 86:9 (3d. ed. 2011)) (citing *In re Underhill*, 82 F.2d 258, 259-60 (2d Cir. 1936) ("Complete
disclosure is in every case a condition precedent to the granting of a discharge . . ..")).

Under some circumstances, such as an adversary action seeking denial of discharge, it is
critical whether non-disclosure is willful or is merely an innocent omission.  *See, e.g.,* 11 U.S.C.
§ 727(a)(4)(A) ("The court shall grant the debtor a discharge, unless . . . the debtor knowingly
and fraudulently, in or in connection with the case . . . made a false oath or account.").  Indeed,
the fact that the Debtors' lawsuit, which resulted in an $11 million plus jury verdict, was filed
less than two months before their bankruptcy case was filed is suggestive that the omission was
not innocent.  But in this context, the distinction is of no consequence.

Under § 707(a), it is the Movants' burden to demonstrate cause exists to dismiss this
case.  By filing their Motion, Movants invite the Court to conduct a totality of the circumstances
balancing of the equities.  The magnitude of the undisclosed assets and the impossibility of
returning to the year 2005 and soliciting timely proofs of claim from listed pre-petition creditors
means that the harm to those pre-petition creditors that has followed from the Debtors' non-
disclosure, as a practical matter, is irrevocable.  Each and every original creditor in this case
should have been paid in full.  Instead, in 2005, they were all notified that their debts had been
discharged.  What has transpired since then to result in no proofs of claim from pre-petition
creditors is beyond the Court's knowledge.  But the Court does not find it surprising, given the
extraordinary delay, that no proofs of claim were forthcoming from those original creditors.

Under the circumstances, merely proposing an alternative plan to satisfy the claim of
Cook and to satisfy the Trustee does not meet the Movants' burden to show cause for dismissal
under § 707(a).  Whether the Movants' proposal would ultimately be in the best interests of
Cook and the Trustee requires a degree of speculation in which the Court will not engage.  It is
the opinion of both Cook and the Trustee, in opposing the Motion, that is does not serve their
interests.  Given the speculative nature of future events with respect to the California
adjudication of Cook's right to an attorney fee and the interest of taxing authorities in the
personal injury recovery, the Court finds that Movants have not shown that their alternative to
bankruptcy administration better serves the interests of the parties to this action.

ORDER ON MOTION TO DISMISS
Case No. 05-14970 HRT

Moreover, and more importantly to the Court, it is the non-disclosure of the personal injury action by the Debtors that is directly responsible for creating a situation where existing pre-petition creditors were notified of the discharge of their debts and the bankruptcy estate was deprived of ability to timely administer the personal injury claim for the benefit of those existing creditors. For the Court to grant the Motion would allow the Movants to take advantage of the Debtors' non-disclosure to now withdraw from the bankruptcy jurisdiction that the Debtors' voluntarily invoked.

Because the kind of totality of the circumstances interest balancing the Court must undertake under 11 U.S.C. § 707(a) is an equitable determination, the Court cannot find that it is equitable to allow the very situation created by the Debtors due to their non-disclosure to serve as the predicate to allow the Movants to dismiss the bankruptcy case now that the assets have been brought to the Trustee's attention. Movants simply cannot argue that, because there are no traditional creditors in this case – a fact that is solely due to the Debtors' non-disclosure – they should now be allowed to dismiss the bankruptcy and maintain control over the estate's only assets.

### D.  Motion to Dismiss under 11 U.S.C. § 305(a)(1).

As discussed above, under 11 U.S.C. § 707(a) a court may dismiss a bankruptcy case for cause. Under 11 U.S.C. § 305(a)(1), a court may abstain from hearing a case or suspend proceedings in a case under the Bankruptcy Code if "the interests of creditors and the debtor would be better served by such dismissal or suspension . . . ." Although various courts have identified particular relevant factors under each of those code sections, the decision to abstain under § 305(a) is not substantively different from the determination under § 707(a). *See, e.g., In re Williams*, 305 B.R. 618, 620 (Bankr D. Conn. 2004). In either case, the Court must make an equitable determination by looking at the totality of the circumstances. *See, e.g., In re Marciano*, 459 B.R. 27, 48-49 (B.A.P. 9th Cir. 2011) ("[R]elief under § 305(a) is based on the totality of the circumstances"); *In re RHTC Liquidating Co.*, 424 B.R. 714, 720 (Bankr. W.D. Pa. 2010) ("[T]he decision whether to dismiss under Section 305(a) is committed to the sound discretion of the Court based upon the totality of the circumstances.").

For the same reasons discussed above in relation to § 707(a), the Court finds that Movant has not demonstrated that dismissal under § 305(a)(1) serves the best interests of the parties.

### C.  Request to Hold All Proceedings in Abeyance

The request to hold proceedings in abeyance will be denied.

In Movant's earlier motion, requesting the Court to abstain from hearing the attorney fee dispute, Movants touted the California Fee Dispute Program as the most appropriate and

ORDER ON MOTION TO DISMISS
Case No. 05-14970 HRT

expeditious venue to address the issue of Cook's entitlement to attorney fees under California law.  Indeed, that motion made little, if any, reference to adjudicating the dispute in the courts.  Movants have, instead, initiated a complaint for declaratory relief in the Superior Court of the State of California, County of San Francisco.

The Court has no knowledge of the relative case loads of California's courts versus the fee arbitration program conducted under the auspices of State Bar of California.  Thus, it has no basis to know whether choosing to proceed through the California courts will be substantially more time-consuming than proceeding through California's fee dispute arbitration system.  The Court's general experience leads it to doubt that Movants have chosen an expeditious route to resolving the fee issue.

According to Movants, they filed a traditional lawsuit because Cook refused to agree to binding arbitration.  Of course, that is his privilege.  The procedural rules governing California fee arbitrations under the State Bar's program make clear that it is a system of non-binding arbitration unless all parties agree under Rule 5.0 to make the arbitration binding.  Regardless of where ultimate responsibility lies, the Court cannot take seriously the parties' professed goal of seeking a speedy resolution to their dispute.

In Movants' view, nothing is pending in this Court other than Cook's administrative expense claim.  That is not the case.  The absence of pre-petition creditors – regrettable in the extreme – does not relieve the bankruptcy estate of all concerns.  The estate has assets.  Cook is not the only attorney who has performed post-petition services relative to the cause of action that became property of the estate on March 14, 2005.  Brayton Purcell also performed legal service after the petition date with respect to the estate's personal injury action.  Thus, Cook is not the only attorney who expects to be compensated out of estate assets.  The estate also needs to address the question of whether or not it owes a tax liability.  The Trustee must be free to do his job pending conclusion of the fee dispute in California.

### III.  CONCLUSION

The Court is acutely aware that there is no good result to be had in this case.  Because of the passage of time, it is impossible to place this case back in the proper posture for the administration of assets on behalf of the pre-petition creditors.  But the relief requested by the Movants is the worst of the available options.  To grant the Motion would be to grant a benefit to the Movants as a direct result of the Debtors' failure in their duty of full and candid disclosure of assets to the Court and the Trustee.  The best of the unappealing options is to allow the process to run its course in this Court since, at bottom, the Settlement Proceeds are an asset of this chapter 7 bankruptcy estate.

Under the extraordinary and unique circumstances of this case, the Court finds that the Motion fails to allege any circumstances that can constitute cause for dismissal of this case under

ORDER ON MOTION TO DISMISS
Case No. 05-14970 HRT

11 U.S.C. § 707(a) or that dismissal is appropriate under 11 U.S.C. § 305(a)(1).  Nor have the Movants shown good cause to hold proceedings in this case in abeyance.  Therefore, it is

     **ORDERED** that the *Motion to Dismiss Bankruptcy Case Or, in the Alternative, to Stay Bankruptcy Case Pending Resolution of California Action* (docket #131) filed by the Substituted Debtors and Brayton Purcell, LLP, is DENIED in all respects.

     Dated this ___21st___ day of June, 2013.

                      **BY THE COURT:**

                      *Howard Tallman*

                      Howard R. Tallman, Chief Judge
                      United States Bankruptcy Court